# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 6, 1920.

C. HOWARD DARLING
VS.
BESSIE C. DARLING, AND CROSS-BILL.

*Harry B. Wolf* for plaintiff.
*Robert C. McKee* for defendant.

alone.

DAWKINS, J.—

A bill has been filed by the plaintiff (husband) and a cross-bill has been filed by the defendant (wife) in this case, each seeking a divorce a vinculo matrimonii on the ground of abandonment. The court has had serious difficulty in determining whether or not either of the parties, under the evidence, is entitled to the relief sought, also in determining to which of the parties it should be granted, if to either of them. While a denial of cohabitation standing by itself is not sufficient ground for a divorce, yet it should be taken into consideration with other facts and surrounding circumstances. For a number of years these parties seemed to realize that they were mismated. There was manifestly a lack of congeniality for a long time, although in their early married life they worked together to obtain a competency. Without any satisfactory explanation from either party as to the reason for doing it, except the husband says it was done, the wife declining to give any reason for it, separate sleeping rooms were set up by the wife, and the parties practically lived apart from each other. From about that time, although they lived under the same roof, there was little or no communication between the parties—both got meals in the home. The alleged intimacy with certain men is not given as a cause for any disagreement, nor does the court believe that any moral lapsing has been shown.

The husband left the money for maintaining the house at a certain place in the house where the wife could get it. The husband went on his way, journeying around the city selling goods. The wife went her separate way, devoting her time to teaching music and other things and having her own friends. The parties saw little or nothing of each other during this period. About a year after this manner of living began, the wife went to Arkansas, leaving no word as to when she would return, merely saying what her address would be in case anything happened to the husband or child. The husband says the address was not left with him, although he told one of the witnesses at the time that a note was left. No leave-taking was had. No correspondence passed during the rather extended stay from Baltimore. The exact time of leaving was not told to the husband, nor was the return announced in any way to him. The husband continued to keep the home open and remained there until cold weather came. Although both the husband and the wife were going in and out of the house for several months after the defendant returned, there was no com-

munication save once when a short chance interview took place, on which occasion the husband objected to the wife having a servant which she insisted on keeping.

The employment of the servant by the wife, the wages of which the latter paid out of her own money, would not seem to be any cause for disagreement, except, the husband says, he wanted his wife to stay at home and do her own housework. No demand seems to have been made by the wife for support since the actual living apart in 1916, save at one time, when request was made for support for the child of the parties. The husband sent money for the child once, but the grandparents, with whom the child was then living, refused to take it, because the amount sent was too small for the purpose in their judgment. The wife finally left the house and took a good part of the furniture therein with her.

The wife frankly testified that the husband is not congenial to her friends and that there is nothing of a common interest between them. The wife says that she is not willing to live with her husband. He says he left the house open for her until the cold weather, but he says at the same time that he never asked her to return. There is nothing to establish an abandonment by the husband unless it be that he finally left the house when he was alone in it or if not actually alone in it he was alone so far as any consorting with the defendant. The giving up of the marriage relation taken in connection with the wife's statement that she would not live with the plaintiff and the trip to Arkansas, under the circumstances stated, together with the conduct afterwards, makes out a case of abandonment by the wife.

A divorce a vinculo matrimonii is granted the plaintiff in the bill. The cross-bill is dismissed. The custody of the child is awarded the defendant in the bill, with the right to the plaintiff to see the child at all reasonable times. The plaintiff to be charged with the support and maintenance of the said child. The amount to be allowed for said support and maintenance at this time to be $7 per week, subject to the further order of this court. The plaintiff in the bill to pay all the costs of these proceedings. If there be any undivided joint property a division of that can be arranged.